IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kentwan L. Lake,<br>aka Kentwan Laquintta Lake,<br><br>              Plaintiff,<br><br>vs.<br><br>Dr. Timothy Malone;<br>South Carolina Department of Mental Health,<br><br>              Defendants.<br>_____ | C/A No.: 3:11-824-CMC-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Kentwan L. Lake, ("Plaintiff"), proceeding *pro se*, is a pretrial detainee in Richland County's Alvin S. Glenn Detention Center in Columbia, South Carolina. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff alleges that:

As of this date, 3-27-11 Im in a uncomfortable mind set as well as Im suffering nerve damage due to medications prescribed to me back in the late 90's. I was issued Ritalin and Adderal for ADHD and was removed off the medications due to minor ticks (side effects) which has undergone a permanent nerve damaging outcome. My hands constantly shake, which causes me a very un-normal performance in several areas. The state of S.C. Department of Mental Health is being held accountable for not assisting me knowing that I had a problem mentally which transformed over the years due to non-treatment. Mental Health never provided me with any SSI benefits, or no type of mental counseling or rehabilitating institutional stay at all. Im not sure if I even have received a diagnosis since the early to late 90's. Im currently in very abnormal situations which are very severe and I

feel as if Im mentally not responsible for my actions. I am issuing these claims to accumulate a just amount of finances due to these un-ordinary ordeals Im stuck with.

(ECF No. 1 at 3.)

As to the relief he seeks, Plaintiff alleges

I would like to be given a chance to seek justice against these unjust individuals. Dr. Timothy Malone is responsible for my long-term, severe, permanent nerve damages which results in a matter of pain & suffering. Im in a position not only to sue these people but to gain a balanced and just recovery through Mental Health. Mental Health of South Carolina is responsible for a numerous of unjust dealings. I want justice and I want these people sued for their lack of professionalism and failure to treat a citizen with careful treatment as well as professional treatment. This is complete medical malpractice and shall be rendered accordingly.

(ECF No. 1 at 4.)

The Complaint, however, fails to state a claim on which relief may be granted by this Court, and seeks monetary relief against defendants who are immune from such relief. Consequently, this court lacks jurisdiction to hear Plaintiff's claims and his Complaint should be summarily dismissed.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the



administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

This case is subject to summary dismissal because the allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident from the face of the pleading. There is no viable federal question alleged and there is no apparent diversity of citizenship between the plaintiff and the defendants.

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. V. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999)(citing Lehigh Mining & Mfg. Co. V. Kelly, 160 U.S. 337 (1895). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Fed.



R. Civ. P. 12(h)(3) ("Whenever it appears...that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1)requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

It is clear that the essential allegations contained in Plaintiff's Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this court's federal question jurisdiction. Plaintiff asserts claims of medical or pharmacy malpractice, both of which are based in state law. Plaintiff's allegations do not contain a reference to any alleged violation of a federal statute or constitutional provision by the defendants, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint.

PJG

A civil action for Plaintiff's state law claims would be cognizable in this court under the diversity statute if that statute's requirements are satisfied. Cianbro Corp. v. Jeffcoat & Martin, 804 F.Supp. 784, 788-91 (D.S.C. 1992). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).[2] Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978). This court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff in his Complaint, Plaintiff is a citizen of South Carolina and a resident of Columbia, South Carolina, Defendant Malone is a citizen and resident of Columbia, South Carolina, and Defendant South Carolina Department of Mental Health is an agency of the State of South Carolina, with its headquarters located in Columbia, South Carolina. Accordingly, this court has no diversity jurisdiction of the case because it is apparent on the face of the pleadings that the plaintiff and the defendants are all domiciled in the State of South Carolina; hence, complete diversity of parties is absent.

Furthermore, even if Plaintiff's Complaint's allegations could be liberally construed to imply an intended, though unexpressed, reliance on 42 U.S.C. § 1983 as a basis for federal question jurisdiction in this case, it is obvious that the statute is inapplicable to this

---

[2] 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

    (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

        (1) citizens of different States[.]

case. First, in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Purely private conduct such as that alleged in this case against Defendant Dr. Timothy Malone, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar, 457 U.S. at 937; see U.S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO, 941 F.2d 1292 (2d Cir.1991).

First, Plaintiff's Complaint makes no allegations that Defendant Dr. Timothy Malone is a "state actor," i.e. an employee or a contract medical provider of Defendant South Carolina Department of Mental Health. Second, even if Plaintiff had adequately alleged that Dr. Malone's actions were under color of state law, § 1983 would still not provide federal question jurisdiction in this case because Plaintiff's allegations against Dr. Malone



and the State Department of Mental Health sound of state law professional malpractice or negligence claims, not federal causes of action under § 1983. See, e.g., Bloom v. Ravoira, 529 S.E.2d 710 (S.C. 2000) (negligence); Howard v. S. C. Dep't of Highways, 538 S.E.2d 291 (S.C. Ct. App.2000) (property loss and damage by negligence is recoverable). Federal actions for damages against state actors pursuant to 42 U.S.C. § 1983 do not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law. See DeShaney v. Winnebage Cnty. Dep't of Soc. Servs., 489 U.S. 189, 200-03 (1989); Daniels v. Williams, 474 U.S. 327, 328-36 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (applying Daniels and Ruefly: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct[.]").  Thus, § 1983 cannot provide this court with federal question jurisdiction to consider Plaintiff's Complaint.

Additionally, Defendant South Carolina Department of Mental Health is immune from suit under the Eleventh Amendment to the United States Constitution. Defendant Dr. Timothy Malone, to the extent that Plaintiff's Complaint alleges that he is an official of the South Carolina Department of Mental Health, also has Eleventh Amendment immunity from suit for acts taken in his official capacity. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v.



Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997)("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.").

Although a State may waive sovereign immunity, Lapides v. Bd. of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Moreover, it has long been recognized that arms of the State are not "persons" for purposes of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). Accordingly, Plaintiff's claims against Defendants South Carolina Department of Mental Health and Dr. Timothy Malone fail as a matter of law.

## RECOMMENDATION

Accordingly, in the absence of either federal question or diversity jurisdiction, the court recommends that the Complaint in the above captioned case be dismissed without prejudice and without issuance and service of process. See United States Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 6, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).